```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE MIDDLE DISTRICT OF GEORGIA
                          ATHENS DIVISION

In Re:   John Benjamin Stewart,    *
              Debtor               *
                                   *
WILLIAM M. FLATAU, Trustee         *
              Plaintiff/Appellant  *
vs.                                *         CASE NO. 3:05-CV-41(CDL)
HOWARD E. JOHNSON                  *
              Defendant/Appellee   *
                                   *
```

O R D E R

William M. Flatau ("Trustee") appeals the bankruptcy court's order granting Howard E. Johnson's motion to lift the automatic stay in the matter of John Benjamin Stewart, Jr., *Johnson v. Flatau* (*In Re Stewart*), 329 B.R. 910 (Bankr. M.D. Ga. 2005). For the following reasons, the Court affirms the bankruptcy court's order.

STANDARD OF REVIEW

This Court has appellate jurisdiction over final judgments, orders, and decrees of the bankruptcy court. 28 U.S.C. § 158(a)(1). A judgment granting or denying relief from the automatic stay is an appealable final order. *See Barclays-American/Business Credit, Inc. v. Radio WBHP, Inc.* (*In re Dixie Broadcasting, Inc.*), 871 F.2d 1023, 1026 (11th Cir. 1989). This Court reviews the bankruptcy court's legal conclusions *de novo* and the bankruptcy court's findings of fact for clear error. Fed. R. Bankr. P. 8013; *Rush v. JLJ Inc.* (*In re JLJ Inc.*), 988 F.2d 1112, 1116 (11th Cir. 1993).

BACKGROUND

The facts of this case are undisputed. On May 2, 2001, John Benjamin Stewart, Jr. ("Debtor") borrowed $750,000 from Movant Howard E. Johnson ("Movant") and executed a promissory note in favor of Movant. Debtor defaulted on his payments. On February 10, 2003, Movant filed a complaint against Debtor in the Superior Court of Greene County, Georgia (the "state court") to collect on the note. On February 19, 2003, Debtor transferred three parcels of real property to a trust (the "Trust") with his wife, Janice S. Stewart, as the principal beneficiary and his two sons, John B. Stewart, III and William J. Stewart as co-trustees (collectively, Janice S. Stewart, John B. Stewart, III, and William J. Stewart are referred to as "Non-Debtor Defendants"). Movant and Trustee both contend that the purpose of the Trust was to prevent Debtor's creditors from reaching the property. In October 2003, the Trust sold one of the properties, distributed the cash proceeds of $446,235.02 to Mrs. Stewart, and liquidated itself. The proceeds were then distributed for the benefit of Debtor and the Non-Debtor Defendants.

On October 30, 2003, the state court granted Movant's motion for summary judgment against Debtor and on November 13, 2003 entered judgment in favor of Movant in the amount of $750,000. That order was sustained on appeal.

On January 3, 2004, Movant, with leave of the court, filed an amendment to his state court complaint to add Debtor's sons as defendants. This amendment sought to set aside as fraudulent the transfers of Debtor's property to the Trust.

On March 24, 2004, Debtor filed a petition under Chapter 11 of the Bankruptcy Code.  The Chapter 11 case was converted to a Chapter 7 case on April 14, 2004.  Trustee is the Chapter 7 trustee of Debtor's bankruptcy estate.  Debtor died on May 13, 2004.

Trustee has filed adversary proceedings against the Trust and against Debtor's sons.  *See Flatau v. Janice S. Stewart*, Adv. No. 04-3021; *Flatau v. Janice S. Stewart Trust, John Benjamin Stewart III, and William J. Stewart*, Adv. No. 04-3036.  Trustee seeks to set aside as fraudulent Debtor's February 2003 transfers of property to the Trust.  These are the same transfers which Movant initially sought to set aside in his state court action.[1]  Movant concedes that the actions to set aside the transfers are property of the bankruptcy estate.  *See* 11 U.S.C. § 541(a).

Movant filed a third motion in the state court action to amend his complaint to assert a cause of action for civil damages under the Georgia Racketeer Influenced and Corrupt Organizations Act.  O.C.G.A. § 16-14-1, -6 (2003) ("Georgia RICO").  In this amendment, Movant claims that Debtor, his wife, and his sons, acting separately and together, committed two or more substantial steps towards the commission of two or more crimes chargeable by indictment.  Movant also contends that the defendants conspired to acquire or maintain an interest in property through a pattern of racketeering.  Movant seeks treble damages, punitive damages, and attorney's fees.

---

[1] In his fourth amendment to the state court complaint, Movant withdrew his request for relief of "all causes of action previously asserted in this case that sought to set aside conveyances of real property."  Therefore, his only claim pending in the state court is his Georgia RICO claim for damages, *see infra*.

3

Movant successfully petitioned the bankruptcy court to lift the automatic stay so that he could pursue his Georgia RICO claim against the Non-Debtor Defendants. In his argument to the bankruptcy court regarding Movant's lift stay motion, Trustee contended that the Georgia RICO action against the Non-Debtor Defendants was property of the bankruptcy estate under 11 U.S.C. § 541(a) and that only he could pursue such a claim.[2] The bankruptcy court found, based on the doctrine of *in pari delicto*, that Movant's Georgia RICO action was not property of the bankruptcy estate and lifted the stay. *In Re Stewart*, 329 B.R. at 914.

On appeal, Trustee makes three arguments.[3] First, Trustee argues that the equitable defense of *in pari delicto* does not apply to bar the Trustee from asserting a Georgia RICO claim, so the bankruptcy court erred in determining that Movant's Georgia RICO action was not property of the bankruptcy estate under 11 U.S.C. § 541. Second, he contends that the Georgia RICO claim against Non-Debtor Defendants is properly assigned to him under 11 U.S.C. § 544, that only he as Trustee may assert it, and that he is not barred from doing so by the doctrine of *in pari delicto*. Finally, Trustee contends that even if he is barred from asserting a Georgia RICO claim against Non-Debtor Defendants, Movant does not have standing to do so. Movant responds that the Georgia RICO claim is not properly assigned to Trustee under

---

[2]Trustee has not attempted to assert a Georgia RICO claim against Non-Debtor Defendants.

[3]In the proceedings before the bankruptcy court on Movant's lift stay motion, Trustee apparently only relied upon his argument that Movant's Georgia RICO claim is property of the bankruptcy estate under 11 U.S.C. § 541. This is the only argument addressed by the bankruptcy court in its order granting Movant's lift stay motion.

any theory and that the claim is for a particularized injury which he, and not Trustee, may maintain.

## DISCUSSION

*1. Is the Georgia RICO Claim Property of the Bankruptcy Estate?*

The Court is persuaded that the bankruptcy court correctly decided that Movant's Georgia RICO claim against the Non-Debtor Defendants is *not* property of the bankruptcy estate under 11 U.S.C. § 541. Property of the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). This includes any causes of action the debtor may bring. *Official Comm. of Unsecured Creditors of PSA, Inc. v. Edwards*, No. 05-12320, 2006 WL 212219, at *3 (11th Cir. Jan. 30, 2006). The bankruptcy trustee succeeds to the rights of the debtor and has standing to bring any suit that the debtor could have brought outside bankruptcy. 11 U.S.C. § 323; *see also Edwards*, 2006 WL 212219, at *3. However, the bankruptcy trustee's standing to bring suit is limited by certain defenses that could have been raised against the debtor, including the equitable defense of *in pari delicto*. Under the principle of *in pari delicto*, "a plaintiff who has participated in wrongdoing may not recover damages resulting from the wrongdoing." Black's Law Dictionary 794 (7th ed. 1999); *see Edwards*, 2006 WL 212219, at *5. The Eleventh Circuit has held that this doctrine applies in the federal RICO context: a debtor who was an active participant in activities giving rise to a RICO claim is barred by the doctrine of *in pari delicto* from asserting a RICO claim against his RICO co-conspirators, and the bankruptcy trustee is likewise barred from asserting such a claim against the

5

co-conspirators. *Edwards*, 2006 WL 212219, at *11. The Court sees no reason why this rule should not apply with equal force to claims under the Georgia RICO statute, given that the Georgia RICO statute is modeled after the federal RICO statute in terms of prohibited activities and civil remedies. *Compare* O.C.G.A. §§ 16-14-4, -6 *with* 18 U.S.C. §§ 1962, 1964(c); *see Sec. State Bank v. Visiting Nurses Ass'n of Telfair County, Inc.*, 256 Ga. App. 374, 375 n.1, 568 S.E.2d 491, 493 n.1 (2002). For these reasons, the Court finds that Trustee cannot assert a RICO action against Non-Debtor Defendants. Therefore, the Georgia RICO claim against Non-Debtor Defendants is not property of the bankruptcy estate under 11 U.S.C. § 541.[4]

*2. Can Trustee Pursue Georgia RICO Claim on Behalf of Creditors?*

Trustee contends that even if the Georgia RICO claim is not part of the bankruptcy estate, he should be permitted to bring such a claim under 11 U.S.C. § 544(a), thus precluding Movant from doing so. Under the "strong-arm" provisions of § 544, the trustee is armed with certain powers to allow him to gather the property of the estate. *Kapila v. Atl. Mortgage & Inv. Corp.* (*In re Halabi*), 184 F.3d 1335, 1337 (11th Cir. 1999) (finding, *inter alia*, that because debtor had no interest in perfected mortgage, trustee could not challenge its transfer under § 544). The trustee stands in the shoes of the creditors in the sense that he has the status of a hypothetical judicial lien creditor to avoid transfers and liens on the debtor's

---

[4]Trustee contends that a different result is warranted in this case because Movant's claim is a general claim common to all creditors rather than a unique harm suffered only by Movant. However, *Edwards* makes no such distinction based on the nature of the injury to the creditors—rather, it makes clear that the doctrine of *in pari delicto* bars a trustee standing in the shoes of the debtor from asserting a RICO claim against the debtor's co-conspirators. *Edwards*, 2006 WL 212219, at *11.

6

property. 11 U.S.C. § 544(a)(1); *Baillie Lumber Co., LP v. Thompson (In re Icarus Holding, LLC)*, 391 F.3d 1315, 1319 n.4 (11th Cir. 2004). However, § 544 does not give a trustee all the rights and powers of creditors. These "strong-arm" powers "are necessarily limited to the actual or potential property of the bankruptcy estate" and only reach so far as to enable the trustee to avoid "any transfer of property of the debtor or any obligation incurred by the debtor." *In re Halabi*, 184 F.3d at 1337.[5] In this case, as discussed *supra*, Movant's Georgia RICO claim is not property of the bankruptcy estate under 11 U.S.C. § 541. Because the Georgia RICO claim is neither actual nor potential property of the bankruptcy estate, the Court concludes that § 544 does not authorize Trustee to bring such a claim against the Non-Debtor Defendants in this case.

*3. If Trustee May Not Bring Georgia RICO Claim, May Movant?*

Trustee's final contention is that even if he may not maintain a Georgia RICO action against the Non-Debtor Defendants, Movant may not maintain such an action either. The Court agrees with the bankruptcy court that the merits of Movant's Georgia RICO claim should be ruled upon by the state court.

---

[5] Although other circuits have recognized that § 544 may provide a way for a trustee to assert certain types of claims on behalf of all creditors, *see Koch Refining v. Farmers Union Cent. Exchange*, 831 F.2d 1339, 1342-43 (7th Cir. 1987) (permitting alter ego claim by trustee against former principal of debtor corporation), the Eleventh Circuit has not. *See Baillie Lumber Co.*, 391 F.3d at 1319 n.4. Rather, the Eleventh Circuit noted that such an approach—at least in the alter ego context—is "tenuous at best" and observed that the Eleventh Circuit's decision in *E.F. Hutton & Co. v. Hadley* "casts serious doubt" on the use of § 544 to bring such claims. *Id. See also E.F. Hutton & Co. v. Hadley*, 901 F.2d 979, 986-87 (11th Cir. 1990) (holding, where debtor was *in pari delicto* with non-debtor defendant, that bankruptcy trustee did not have standing to bring negligence and conversion claims of certain creditors).

CONCLUSION

For the reasons set forth above, the order of the bankruptcy court is AFFIRMED.

IT IS SO ORDERED, this 14th day of March, 2006.

                                              S/Clay D. Land
                                                    CLAY D. LAND
                                          UNITED STATES DISTRICT JUDGE